993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David A. HAWKINS, Petitioner-Appellant,
v.
Chase RIVELAND, Respondent-Appellee.
 No. 92-36565.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided May 10, 1993.
 
 Before: WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner David A. Hawkins appeals from the denial of his habeas corpus petition pursuant to 28 U.S.C. § 2254. Hawkins contends that he is entitled to federal habeas corpus relief on the ground that the state court failed to consider certain mitigating factors in making its sentencing decision. Because Hawkins has failed to set forth facts showing a violation of a federal right, we affirm the district court's denial of his habeas petition.
 
 I.
 
 3
 On February 5, 1987, Hawkins was convicted in a Washington state trial court for the crime of first degree felony murder. He was sentenced to a maximum of life imprisonment with a minimum term of six hundred months. The Washington Court of Appeals affirmed the judgment of conviction and the sentence imposed. The court held that the exceptional sentence did not violate Washington Revised Code section 9.94A.390, because the district court's findings of aggravating circumstances were supported by the record and justified a sentence above the standard range. Hawkins' petition for review to the Washington Supreme Court was denied. Hawkins did not file a petition for state post-conviction relief.
 
 
 4
 On September 6, 1991, Hawkins filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition to the district court, Hawkins alleged that he was deprived of his right to effective assistance of counsel, and that the failure of the state court to consider certain mitigating factors prior to imposing sentence deprived him of his rights under the Fourteenth Amendment. In his report and recommendation, the magistrate judge concluded that Hawkins' ineffective assistance of counsel claim was procedurally barred. The magistrate judge also determined that the alleged failure by the state sentencing court to consider mitigating factors was not a cognizable claim on federal habeas review. The district court adopted the recommendation of the magistrate judge and denied the petition.
 
 
 5
 Hawkins has abandoned his ineffective assistance of counsel claim. Therefore, our review is limited to the question whether Hawkins has alleged a violation of federal law in his petition.
 
 II.
 
 6
 In his petition for federal habeas corpus relief, Hawkins argued that his exceptional sentence violated Washington Revised Code section 9.94A.390 because the state court did not consider certain mitigating circumstances at his sentencing hearing. He argues that the failure to consider mitigating circumstances violated the Fourteenth Amendment. The district court denied the petition, in part, on the ground that Hawkins failed to demonstrate a violation of federal law. We review the district court's denial of a writ of habeas corpus de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 7
 The Washington Court of Appeals determined that Hawkins' exceptional sentence was proper under Washington Revised Code section 9.94A.390. The Washington Supreme Court denied Hawkins' petition for review. It is well established that the state court is the "ultimate expositor" of its own state law. Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). It is "not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). In conducting habeas review, our inquiry "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id.
 
 
 8
 Contrary to Hawkins' contention, the failure to consider mitigating factors in a non-capital case does not violate equal protection or due process. See United States v. LaFleur, 971 F.2d 200, 211-12 (9th Cir.1992) (federal Constitution does not guarantee an accused the right to present mitigating evidence to the sentencing court in a non-capital case) cert. denied, 113 S.Ct. 1292 (1993). Therefore, the district court did not err in denying Hawkins' petition for federal habeas corpus relief.
 
 III.
 
 9
 Hawkins also complains, "I could not prove my case to the district court well enough because I have never been allowed to have my trial transcripts to refer to and quote." Appellant's Brief at 3-4. The documents produced by Hawkins show that the attorney who represented him on his direct appeal was furnished a copy of the trial transcript. Because a state court's failure to consider mitigating factors at sentencing is not a violation of federal law, Hawkins has failed to demonstrate that he has been prejudiced by the Washington courts' alleged failure to provide him with a transcript of the sentencing proceedings in order to prosecute his section 2254 claim.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3